J. A. SKINNER *vs.* HALL and others, co-partners under name of EASTERN EXPRESS COMPANY.

*Carriers—liability of beyond their route.*

A carrier is not liable for goods lost beyond the end of his route, unless by special contract.

ON FACTS AGREED.

ASSUMPSIT for a package of money belonging to the plaintiff and forwarded through the defendants as common carriers, March 21, 1872, as by the following receipt of that date, signed by the defendants' agent.

Received of J. A. Skinner, two hundred and fifty dollars, directed Ayres, Mithoff, Damm & Co., Columbus, Ohio, which the Eastern Express Company agree to forward and deliver at destination, if within their route, and if not to deliver to the connecting express, stage, or other means of conveyance at their most convenient point, and to be responsible for such delivery to the amount of fifty dollars only, unless value is stated above. It is further agreed, that they shall not be held responsible for any loss occasioned by fire or the dangers of railroad, steam or river navigation, or for the breakage of glass or other fragile goods, or for money put inside a box or bundle.

It was admitted that the defendants were common carriers at the date of the receipt, doing express business; that their line extended no further west than Boston, Mass.; that the money named in the receipt did not reach its destination; that it was carried from Lewiston, where it was received, to Boston, by the defendants, there re-counted by them, sealed up and delivered by them to the American Merchants' Union Express Company, a responsible connecting express company between Boston and Columbus, Ohio; that the defendants took from American Merchants' Union Express Company, a receipt for the money; that the package was

lost somewhere between Boston and Columbus, Ohio; that the money was enclosed, by the defendants' agent at Lewiston, in a common express envelope which went to Columbus, but had been broken open and the money abstracted therefrom before its arrival there; and that the money was duly demanded of the defendants before the commencement of this action.

If the action was not maintainable, the plaintiff to be nonsuited.

*M. T. Ludden,* for the plaintiff.

*W. P. Frye & J. B. Cotton,* for the defendants.

DANFORTH, J.   Unless by special contract, a common carrier is not liable for goods lost beyond the end of his route.   *Nutting* v. *Conn. River Railroad Company,* 1 Gray, 502; *Perkins* v. *P. S. & P. Railroad Company,* 47 Maine, 589 and cases cited.

In this case there was a special contract, evidenced by the receipt given, limiting the defendants' liability to the end of their own route, and the delivery of the money to a 'connecting express company,' etc.   The case shows that their contract was fully performed by the defendants.   They have, therefore, discharged all the obligations resting upon them, either by law or by contract. *Pendergrast* v. *Adams Express Co.,* 101 Mass. 120.

*Plaintiff nonsuit.*

APPLETON, C. J.; CUTTING, WALTON, and DICKERSON, JJ., concurred.